UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ROSEMARY THURMAN, ADMINISTRATRIX OF THE ESTATE OF PAUL D. DEMAREE, deceased, and LORI OSBOURNE, mother and next friend of KAYCEE DEMAREE, a minor, Plaintiffs, V. JOHN HAWKINS and WILLIAM LINDON, Defendants. | Civil No.: 13-50-GFVT **MEMORANDUM OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises from an encounter between Paul Demaree, the intoxicated subject of a domestic violence call, and Kentucky State Police Troopers Derran Broyles, John Hawkins, and William Lindon. After he refused to lay down his handgun, Demaree was shot and killed in the incident. Demaree's Estate[1] brought this § 1983 action alleging that the Troopers' use of deadly force constituted an unlawful seizure; the Estate also advances state law claims of wrongful death, battery, negligence and gross negligence, inadequate supervision, and loss of parental consortium against the Troopers in their individual capacities. This Court previously granted Sergeant Derran Broyles' 12(b)(6) motion to dismiss on the grounds that he was shielded from

---

[1] The plaintiffs in this action are Rosemary Thurman, as the administratrix of Paul Demaree's estate, and Lori Osborurne, as the mother of Kaycee Demaree. For brevity, these Plaintiffs are referred to collectively as "Demaree's Estate."

suit by the doctrines of qualified immunity and qualified official immunity, and the claims against Broyles were dismissed. [R. 27]. Now Troopers John Hawkins and William Lindon, who reported to Sergeant Broyles, have moved for summary judgment on the same grounds. [R. 29, 31].

In this context, qualified immunity on the Estate's federal claims turns on whether an officer's conduct violated a constitutional right that was "clearly established" at the time of the alleged violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Sixth Circuit holds that, although the defendant must raise the defense, ultimately "the burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity." *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 568 (6th Cir. 2013).

Demaree's Estate, however, has conceded that Hawkins and Lindon are entitled to qualified immunity. It does not contest the substance of the Troopers' qualified immunity arguments and admits that it is "unable to describe any significant distinction" from the qualified immunity analysis this Court undertook for Sergeant Broyles. [Pl.'s Resp. to Def.'s Mot. Summ. J., R. 35 at 1.] While Sergeant Broyles was the superior who authorized the actions of Troopers Hawkins and Lindon during the incident, the Troopers' conduct is – as the Estate admits – nearly identical under the lens of the qualified immunity analysis. [*See id*.] In accordance with the Estate's concession, Troopers Hawkins and Lindon are entitled to qualified immunity, and the federal claims against them must be dismissed.[2]

---

[2] Though Demaree's Estate concedes the merits of the Troopers' qualified immunity arguments, it raises one procedural argument which is ultimately unavailing. It contends that Trooper Lindon's motion is actually a 12(b)(6) motion to dismiss, which was converted into a motion for summary judgment when he attached exhibits outside the pleadings to his motion. [Pl.'s Resp. to Def.'s Mot. Summ. J., R. 35 at 1]. As such, the Estate argues that this Court should exclude the supplemental matter or allow the plaintiff to engage in discovery. [*Id*.] But there is no prohibition against a party submitting a motion for summary judgment before any discovery has been conducted. Fed. R. Civ. P. 56(b) (emphasis added) ("[A] party

Demaree's Estate also advances several state law claims against Troopers Hawkins and Lindon in their individual capacities. The Troopers claim they are protected by qualified official immunity under Kentucky law for these claims as well. [Def. Lindon's Mem. in Supp. Mot. Summ. J., R. 29-1 at 3; Def. Hawkins' Mem. in Supp. Mot. Summ. J., R. 31-3 at 7]. The Estate argues that even if the federal claims are dismissed on qualified immunity grounds, this Court should decline to exercise supplemental jurisdiction over the state law claims. [Pl.'s Resp. to Def.'s Mot. Summ. J., R. 35 at 1-2]. A district court may, in its discretion, decline to exercise jurisdiction over state law claims after it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3) (2012); *e.g.*, *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 853 (6th Cir. 2007). In determining whether to "retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel*, 625 F.3d at 952 (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

---

may file a motion for summary judgment *at any time until* 30 days after the close of discovery."). Further, the defense of qualified immunity is a threshold question, so the court has an obligation to address the issue even if raised prior to discovery. *E.g.*, *Skousen v. Brighton High Sch.*, 305 F.3d 520 (6th Cir. 2002) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) ("'[The] principle that 'unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery,' . . . still stands at the threshold of the qualified immunity analysis."). It was thus proper to frame these motions as motions for summary judgment. Further, contrary to the Estate's contention, no additional discovery is warranted here. The contents of Lindon's exhibits, which recount state police investigatory interviews, are – as the Estate itself concedes – "not contradictory of the complaint," and no material facts are in dispute. [Pl.'s Resp. to Def.'s Mot. Summ. J., R. 35 at 1].

Since the Estate's concessions rendered an analysis on the merits of the qualified immunity issue unnecessary, it would be inappropriate for this Court to consider the Troopers' qualified official immunity defense on these state law claims. In the interests of comity, the state law claims will be dismissed without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

(1)   The summary judgment motions of Troopers William Lindon and John Hawkins [**R. 29, 31**] are **GRANTED**;

(2)   Plaintiffs' federal claims are hereby **DISMISSED WITH PREJUDICE**;

(3)   The Court declines to exercise supplemental jurisdiction; therefore, the state law claims against Troopers Lindon and Hawkins are hereby **DISMISSED WITHOUT PREJUDICE**;

(4)   This case is hereby **STRICKEN** from the active docket of this Court; and

(5)   This is a **FINAL** and **APPEALABLE** order.

This the 7th day of January, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge